## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**FRANCINE ZYSK,**

Plaintiff,

v.

Case No. 18-cv-10639
HON. ROBERT H. CLELAND

**THERESA M. BRENNAN**, in her
individual and official capacities,
and **MIRIAM CAVANAUGH**, in
her individual and official
capacities,

Defendants.

---

**JAMES K. FETT (P39461)**
FETT & FIELDS, P.C.
805 E. Main
Pinckney, MI 48169
734-954-0100
734-954-0762-fax
jim@fettlaw.com
Attorneys for Plaintiff

**SEWARD HENDERSON PLLC**
By:   T. Joseph Seward (P35095)
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
Telephone: (248) 733-3580
Facsimile:   (248) 733-3633
Attorneys for Defendant Theresa M.
Brennan

---

## DEFENDANT'S MOTION TO STRIKE

NOW COMES Defendant, THERESA M. BRENNAN, by and through her attorneys, SEWARD HENDERSON PLLC, and moves strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  In support of her motion for dismissal, Defendant relies upon the attached brief.

Pursuant to Local Rule 7.1(a), a conference between the attorneys for this matter was held. Defense counsel explained the nature of the motion and its legal basis, and was unable to obtain concurrence.

Respectfully submitted,

/s/ T. Joseph Seward
T. Joseph Seward (P35095)
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
Telephone: (248) 733-3580
Facsimile: (248) 733-3633
Attorneys for Defendants
e-mail:
jseward@sewardhenderson.com

DATED: March 29, 2018

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

**FRANCINE ZYSK,**
Plaintiff,

CASE NO.: 18-cv-10639

v.                                    HON. ROBERT H. CLELAND

**THERESA M. BRENNAN,** in her
individual and official capacities,
and **MIRIAM CAVANAUGH**, in
her individual and official
capacities,

Defendants.

---

**JAMES K. FETT (P39461)**          **SEWARD HENDERSON PLLC**
**FETT & FIELDS, P.C.**             By:   T. Joseph Seward (P35095)
By: James K. Fett (P39461)          210 East 3rd Street, Suite 212
805 E. Main                         Royal Oak, Michigan 48067
Pinckney, Michigan 48169            T: (248) 733-3580
T: 734-954-0100                     Facsimile:  (248) 733-3633
F: 734-954-0762                     Attorneys for Defendant Theresa M.
jim@fettlaw.com                     Brennan
Attorneys for Plaintiff

---

## BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION TO STRIKE

**ISSUE PRESENTED**

I.     Whether Plaintiff's complaint contains allegations that are
       superfluous and scandalous and should be stricken pursuant to
       Fed. R. Civ. P. 12(f)?

       Defendant answers:              "Yes"

       Plaintiff presumably answers:   "No"

## MOST CONTROLLING AUTHORTY

Fed. R. Civ. P. 12(f)

# TABLE OF CONTENTS

ISSUE PRESENTED ...................................................................................2

MOST CONTROLLING AUTHORITY .................................................3

INDEX OF AUTHORITIES..........................................................................5

INDEX OF EXHIBITS .................................................................................6

INTRODUCTION ........................................................................................7

STATEMENT OF FACTS.............................................................................7

LAW & ARGUMENT ..................................................................................8

CONCLUSION .............................................................................................18

# INDEX OF AUTHORITIES

**Rules**

Fed. R. Civ. P. 8(a) ………...…..………………8, 11, 12, 13, 14, 15, 16, 17, 18, 19

Fed. R. Civ. P. 8(e) ………...…..……………………………………8, 13, 17, 19

Fed. R. Civ. P. 12(f)……………...…………………………………………...7, 8, 19

**Cases**

*Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613 (1st Cir. 1988)
…………………………………………………………………………..8, 10, 11, 12

*Chapman v Goodman*, 219 F2d 802, 805 (CA 9, 1955) ……………………………9

*Ciralsky v CIA*, 355 F3d 661, 669; 359 US App DC 366, 374 (2004)………...9, 11

*Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654 (7th Cir. 1992)
…………………………………………………………………………..8, 9, 11, 14, 16

## INTRODUCTION

Plaintiff filed a complaint asserting claims of First Amendment retaliation pursuant to 42 U.S.C. § 1983 against Judge Theresa M. Brennan and Judge Miriam Cavanaugh. She also avers a claim of defamation against Judge Brennan. The complaint filed by Plaintiff contains extraneous language that is immaterial, impertinent, and scandalous. This language should be stricken pursuant to Fed. R. Civ. P. 12(f).

## STATEMENT OF FACTS

Plaintiff initiated this action on February 23, 2016). In her complaint, the Plaintiff states she was deposed in Defendant Brennan's divorce proceedings. (Exhibit A – Complaint, page 7). Plaintiff also claims to have communicated with county officials regarding the treatment of court employees. (Exhibit A – Complaint, page 10).

As a result of these actions, Plaintiff contends that Defendant Brennan retaliated against her by calling her a liar at the deposition on March 9, 20017, made a complaint to the Supreme Court Administrator's Office regarding Plaintiff's misuse of county time, badmouthed Plaintiff from the bench, refused to communicate with Plaintiff regarding court-related business, and verbally abused Plaintiff in the presence of other judges (Exhibit A –

7

Complaint, page 14). Plaintiff also claims that Defendant Cavanaugh retaliated against her by "acquiescing" in Defendant Brennan's behavior, and improperly reprimanding her for taking actions to stop Plaintiff's ex-husband from having contact with the courts. (Exhibit A – Complaint, pages 16-17).

## LAW AND ARGUMENT

### A. Standard

The Court may strike anything from a pleading that is immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12. If the matter in the pleading has no possible relation to the issues in the case, or may cause prejudice to a party, the Court may strike them as scandalous. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). Additionally, nonessential descriptions and language unrelated to the substantive elements of an issue may also be stricken from the pleadings. *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988). Further, a district court has broad discretion in striking matters from the pleadings. *Id*.

The Federal Rules of Civil Procedure provide that a pleading must contain short and plain statements of the claim and that each assertion of the pleading must be simple, concise, and direct. Fed. R. Civ. P. 8(a) and 8(e).

8

These rules show the emphasis of the pleading rules for clarity and brevity. *Ciralsky v CIA*, 355 F3d 661, 669; 359 US App DC 366, 374 (2004). If the pleadings are not short and plain, or simple, concise, and direct, they should be stricken. *Chapman v Goodman*, 219 F2d 802, 805 (CA 9, 1955)

### B. Analysis

In *Talbot*, the Court had to decide whether allegations in Plaintiff's complaint should be stricken as scandalous. In that case, plaintiffs drove milk trucks for defendant's dairy farm and grocery stores. *Talbot*, 961 F.2d at 657-658. When salmonella outbreaks occurred, the dairy operation was closed. *Id.* at 658. The defendant eventually contracted with a different distributing company, and plaintiffs were terminated. *Id.* In their complaint, plaintiffs alleged that defendants had intentionally caused the salmonella outbreak at the dairy operation in order to remove plaintiffs from their employment. *Id.* at 665.

The Court affirmed the district court did not abuse its discretion when it struck the allegations of the intentional salmonella outbreak because they lacked any factual basis. *Id*. The Court reasoned that the only reasons for these allegations were a rumor from an employee that someone on the inside could taint the milk, that the outbreaks were from the same strain of

9

salmonella, and a report from the inspector general that sabotage was possible. *Id.* Further, the Court pointed out that pleading this allegation in a prior case does not constitute setting forth any sort of factual basis. *Id.* The Court found the allegations were properly stricken because the allegations, therefore, had no possible relation to the case. *Id.*

In *Alvarado-Morales,* the Court was presented with the issue of whether certain language was properly stricken from plaintiff's complaint as scandalous. In that case, plaintiffs' jobs at a manufacturing plant were being phased out. *Alvarado-Morales*, 843 F.2d at 615. Under a plan put in place by the company, the plaintiffs would report to a room for training and career counseling while receiving pay. *Id.* In their complaint, the plaintiffs described this process as torture and brainwashing, the room they reported to was like a concentration camp, and made analogies to Chinese communists in Korea. *Id.*

The Court held that these superfluous descriptions and language not related to the elements of the issues should be stricken from the pleadings. *Id.* at 618. The Court reasoned that even though the parties asserted that this was an accurate description of what happened, the words were repugnant because of the meaning connected to them. *Id.* Further, the Court found that

10

this language had no bearing on the issues in the case. *Id.* Thus, the Court held that the language was properly struck from the pleadings. *Id.*

In *Ciralsky v CIA*, 355 F3d 661, 669; 359 US App DC 366, 374 (2004), the Court was faced with the issue of whether Plaintiff's complaint was properly stricken, then subsequently dismissed. In that case, Plaintiff had initially filed a lengthy complaint. The Court held that the complaint was properly stricken because it was not short and plain. Further, the Court found that the complaint was an account that was repetitive, diffuse, and argumentative.

In this case, Defendant is requesting that these matters be stricken from Plaintiff's complaint for the following reasons:

(1) Pages 1-2, ¶1 after the semicolon

Scandalous material should be stricken from the pleadings. This language is repugnant, and serves only to attack the character of the Defendant as a judge. Further, the language in no way relates to Plaintiff's claims, or sets forth concisely why Plaintiff is entitled to relief, in violation of Fed. R. Civ. P. 8(a). Therefore, the language should be stricken.

(2) Page 3-4, ¶11-14, ¶15, subsections (a), (b), (c), and (d)

Any material that is superfluous or has no possible relation to the case should be stricken, as set forth in *Talbot* and *Alvarado-Morales*. The allegations

11

in the above paragraphs of the complaint have no connection to Plaintiff's speech that supposedly is being retaliated against by the Defendants, or Plaintiff's claim for defamation. It contains alleged information obtained by an attorney in Defendant's divorce action. Although Plaintiff's claims arise in part from her deposition testimony given in the divorce case, those facts are set forth elsewhere in the complaint. Adding this language also violates Fed. R. Civ. P. 8(a) because it is not a short and plain statement that would show Plaintiff is entitled to relief. The language seeks only to smear the name of a sitting Michigan District Court Judge. Thus, this should be stricken from the complaint.

(3) <u>Pages 4-7, ¶17 after the comma, the title before ¶18 and ¶¶18-26;</u>

Language that is repugnant should be struck from a pleading. The matters in ¶17 after the comma and the title before ¶18 and in ¶18 contain language that characterizes Defendant Brennan in a way that is repugnant. As in *Alvarado-Morales,* the language has no bearing on the issue of whether Defendants retaliated against Plaintiff or defamed Plaintiff. This is merely an attempt by Plaintiff to tarnish the name of Defendant Brennan, not plead her case.

In ¶¶19-25, Plaintiff describes events regarding the disqualification of Defendant Brennan in a case. These paragraphs are wholly unrelated to the elements of Plaintiff's claims. How a disqualification is handled in a case involving parties not connected to the present action is not a basis for pleading Plaintiff's First Amendment retaliation and defamation claims. The language in these paragraphs violate both Fed. R. Civ. P. 8(a) and 8(e) because it is not concise, and is not a plain statement of Plaintiff's claims. Rather, it undermines the emphasis on clarity and brevity put in place by the pleading rules. Therefore, it should be stricken. Further, Plaintiff states a conclusion of how court employees are treated in ¶¶18 and 25 based upon the example set forth in ¶¶19-24. These statements relate wholly on the feelings of others outside this case, and bear no relation to Plaintiff's claims. Therefore, they should be stricken.

(4) Pages 6-7, title before ¶27, ¶¶27-28, first line of ¶29 to the semicolon;

Statements that are superfluous and not related to the case should be stricken from the pleadings. The language set forth in this section of Plaintiff's pleadings are completely unrelated from the issues in this case. Whether parties outside of this case are afraid of the Defendant is irrelevant as to whether Plaintiff was retaliated against because of her speech or

13

defamed. The alleged actions of a different judge in the Livingston County Court system have no connection to the Plaintiff or her speech. Additionally, how the attorney from Defendant's divorce action may feel or what she has done has no connection to the Plaintiff and this case. Rather, it is repugnant language because it is attempting to sully the Defendant's reputation as a judge, not plead any specifics to Plaintiff's case. Further, this language violates Fed. R. Civ. P. 8(a) because it is not a plain statement that shows Plaintiff is entitled to relief for her claims.

(5) Page 7, ¶30, ¶31, and ¶33;

This language in Plaintiff's complaint is also repugnant, superfluous, and not related to the case, and should be stricken. The language bears no relation as to Plaintiff's First Amendment retaliation or defamation claims. The underlying connection and reason for Plaintiff putting this language here is repugnant in that it is seeking only to damage Defendant's reputation as a judge and her moral character, not plead any specific cause of action. Further, as in *Talbot* the language has no factual basis, and is therefore, not related to Plaintiff's claims. Being "aware" of a "possible" allegation is akin to the Plaintiffs in *Talbot* attempting to state that there was a factual basis for their intentional outbreak claim because it was "possible." Further, these are

14

argumentative accounts from Plaintiff that do not show how she is entitled to relief on her claims. Therefore, this language violates Fed. R. Civ. P. 8(a).

(6) Page 8, ¶¶35-36;

The language in this section of the complaint should also be stricken because it has nothing to do with this case and is repugnant. Plaintiff is not involved in any of the allegations set forth here. The language has nothing to do with Plaintiff's retaliation case. This is Plaintiff's attempt, once again, to assassinate Defendant's character. The language is superfluous because it has no connection to Plaintiff's own deposition testimony. Because this language seeks only to denigrate Defendant's moral character and fitness as a judge, it should be stricken as scandalous. Additionally, this is another example of Plaintiff's verbose pleadings that are in no way related to her showing that she is entitled to relief, and are a violation of Fed. R. Civ. P. 8(a).

(7) Page 9, ¶37, ¶38 after the semicolon and before the comma, ¶39

Superfluous language should be stricken from a pleading. Here, any statements that Defendant may have made about other people is not related to the cause of action. The allegation of First Amendment retaliation and defamation concerns language the Defendant allegedly used against

Plaintiff, not other people. Therefore, this should be stricken. Also, the language in ¶38 is repugnant, and seeks only to attack the character of Defendant. Further, this language in no way establishes how Plaintiff is entitled to relief on her claims, and is contrary to Fed. R. Civ. P. 8(a).

(8) Page 9-10, ¶¶42-47;

The language contained within these paragraphs contain many conclusions and involve people that are not at issue in this action. First, ¶43 and ¶45 contain statements that are mere conclusions, and not supported by any fact. This is like the plaintiffs in *Talbot*, merely stating conclusions with no facts to substantiate the allegation. Further, these are merely argumentative position put forth by Plaintiff that in no way establish how she is entitled to relief. Thus, the language violates Fed. R. Civ. P. 8(a). The language in these paragraphs are nothing more than another example of Plaintiff's use of repugnant language to slur Defendant's judicial position.

(9) Page 10-12, heading before ¶48, ¶¶48-59

The language contained in the heading and paragraphs in these sections of the complaint is superfluous. Interactions that Plaintiff had with Fowlerville, Judge Reader, or her ex-husband are not necessary for Plaintiff to state her cause of action for First Amendment retaliation because they bear

16

no connection to the actions taken by the Defendants. Additionally, these long-winded paragraphs are not concise, and do not clearly and succinctly set forth why Plaintiff is entitled to relief on her claims. Therefore, the language violates Fed. R. Civ. P. 8(a) and 8(e).

(10)   Page 12-13, ¶60-65

The language contained within this section of the complaint is repugnant, superfluous, and bears no connection with the issues in this case. The characterizations of Defendant when she made statements to the Plaintiff are not related to the issue of whether Defendant retaliated against her, the language itself is. The language used by Plaintiff is repugnant because it only seeks to attack Defendant's character, rather than plead the cause of action. Further, the language in ¶¶63-65 are merely conclusions, not based in any fact. The language in no way concisely avers how Plaintiff is entitled to relief on her claims. Thus, the language violates Fed. R. Civ. P. 8(a). That, along with the fact that they are alleged merely to denigrate Defendant Brennan as a judge, is reason to strike them from the pleadings.

(11)   Pages 13, 14, 16, and 17,  ¶67 after "i.e.," ¶70 ¶82 after "i.e.," ¶84(b)

The language contained in these sections of the complaint do not concisely state how Plaintiff is entitled to her claims. Thus, they violate Fed.

R. Civ. P. 8(a). Further, the language is repugnant. The superfluous statements are intended only to assassinate the character of the Defendant. Therefore, they should be stricken.

    (12)   Exhibit A attached to the complaint

Plaintiff is apparently attempting to show that she has had exemplary performance through these letters. However, this is unrelated to the case and is superfluous. The views of her job performance by other people not subject to the instant litigation has no bearing on whether Plaintiff was retaliated against because of her speech. The exhibit is attached only to bolster Plaintiff's feelings of self-worth and have nothing to do with her claims or alleged damages. The exhibit in no way describes how Plaintiff is entitled to relief on her allegations, and violates Fed. R. Civ. P. 8(a). Thus, the letters attached to the complaint as Exhibit A should also be stricken.

## CONCLUSION

Plaintiff's complaint is rife with language that is superfluous, has no possible connection to the proceedings, and is repugnant in nature. Much of the language is also not a statement showing that Plaintiff is entitled to relief, and is not simple, concise, and direct, in violation of Fed. R. Civ. P.

8(a) and 8(e). Those sections of the complaint should be stricken pursuant to

Fed. R. Civ. P. 12(f).

Respectfully submitted,

/s/ T. Joseph Seward
T. Joseph Seward (P35095)
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
Telephone: (248) 733-3580
Facsimile: (248) 733-3633
Attorneys for Defendants
e-mail: jseward@sph-pllc.com
Attorneys for Defendants

DATED: March 29, 2018

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FRANCINE ZYSK,

      Plaintiff,

Case No. 18-10639

v.

Hon. Robert H. Cleland

THERESA M. BRENNAN, in her
individual and official capacities,
MIRIAM CAVANAUGH, in her
individual and official capacities,

      Defendants.

---

**FETT & FIELDS, P.C.**
By: James K. Fett (P39461)
*Attorneys for Plaintiff*
805 East Main
Pinckney, Michigan 48169
P: (734) 954-0100
F: (734) 954-0762
E: jim@fettlaw.com

**SEWARD HENDERSON PLLC**
By: T. Joseph Seward (P35095)
*Attorneys for Defendant, Brennan*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com

**KELLER THOMAS, P.C.**
By: Thomas L. Fleury (P24064)
*Attorneys for Defendant, Cavanaugh*
26555 Evergreen Road, Suite 1240
Southfield Michigan 48076-4251
P: (313) 965-7610
F: (313) 965-4480
E: tlf@kellerthomas.com

---

# PROOF OF SERVICE

1

I hereby certify that I electronically filed the foregoing and this Proof of Service with the Clerk of the Court, using the Court's ECF system that will send notification to all counsel of record, on **March 29, 2018**.

/s/ Mallorie M. Blaylock
**SEWARD HENDERSON PLLC**
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: admin-asst@SewardHenderson.com