# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**FRANCINE ZYSK,**

    Plaintiff,

v.

**THERESA M. BRENNAN**, in her individual and official capacities,
**MIRIAM CAVANAUGH**, in her individual and official capacities,

    Defendants.

Case No. 18-10639

Hon. Robert H. Cleland

---

**FETT & FIELDS, P.C.**
By: James K. Fett (P39461)
*Attorneys for Plaintiff*
805 East Main
Pinckney, Michigan 48169
P: (734) 954-0100
F: (734) 954-0762
E: jim@fettlaw.com

**SEWARD HENDERSON PLLC**
By: T. Joseph Seward (P35095)
*Attorneys for Defendant, Brennan*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com

**KELLER THOMA, P.C.**
By: Thomas L. Fleury(P24064)
*Attorneys for Defendant, Cavanaugh*
26555 Evergreen Road, Suite 1240
Southfield Michigan 48076-4251
P: (313) 965-0857
F: (313) 965-4480
E: tlf@kellerthoma.com

---

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT BRENNAN'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

ISSUES PRESENTED ........................................................................................ ii
MOST CONTROLLING AUTHORTY ............................................................. iv
INDEX OF AUTHORITIES ................................................................................ v
LAW AND ARGUMENT .................................................................................... 1
CONCLUSION ..................................................................................................... 6

# ISSUES PRESENTED

**I.  Whether this Court should disregard the materials outside of the pleadings attached to Plaintiff's response?**

Defendant states                "Yes"

Plaintiff presumably states     "No"

**II.  Whether Defendant is entitled to judicial immunity for the alleged acts in Plaintiff's First Amendment retaliation claim?**

Defendant states                "Yes"

Plaintiff presumably states     "No"

**III.  Whether Defendant was acting under the "color of law" when she made remarks at a deposition?**

Defendant states                "No"

Plaintiff presumably states     "Yes"

**IV.  Whether Plaintiff failed to show she suffered an adverse action in her First Amendment retaliation claim?**

Defendant states                "Yes"

Plaintiff presumably states     "No"

**V.  Whether the absolute privilege of judicial proceedings applies to Plaintiff's claim for defamation?**

Defendant states                "Yes"

Plaintiff presumably states     "No"

**VI.  Whether Plaintiff failed to state a claim for defamation because Defendant did not publish to third parties outside of the deposition?**

  Defendant states     "Yes"

  Plaintiff presumably states   "No"

**VII.  Whether Defendant is entitled to governmental immunity for Plaintiff's defamation claim?**

  Defendant states     "Yes"

  Plaintiff presumably states   "No"

# MOST CONTROLLING AUTHORTY

- Fed. R. Civ. P. 12(b)(6)

# INDEX OF AUTHORITIES

**Cases**

*Benningfield v. City of Houston*, 157 F.3d 369 (5th Cir. 1998) ......................... 3, 4

*Brookings v. Clunk*, 389 F.3d 614 (6th Cir. 2004) .................................................. 1, 2

*Brown v. Miller*, 631 F.2d 408 (5th Cir. 1980) ............................................................ 3

*Couch v. Schultz*, 193 Mich. App. 292, 483 N.W.2d 684 (1992) .......................... 5

*Dorsett v. Bd. of Trustees for St. Colleges & Univ.* 940 F.2d 121 (5th Cir. 1991) . 4

*Forrester v. White*, 484 U.S. 219 (1988) ..................................................................... 3

*Hammond v. Baldwin*, 866 F.2d 172 (6th Cir. 1989) ............................................... 1

*Harris v. Harvey*, 605 F.2d 330 (7th Cir. 1979) ....................................................... 2

*Jackson v. City of Columbus*, 194 F.3d 737 (6th Cir. 1999) .................................. 1

*Monroe v. Pape,* 365 U.S. 167 (1961) ......................................................................... 3

*Pierce v. Texas Department of Crim. Justice, Inst. Div.*, 37 F.3d 1146 (5th Cir. 1994) ............................................................................................................................. 4

*Sparks v. Character & Fitness Comm. of Kentucky*, 859 F.2d 428 (6th Cir. 1988) 3

*Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) .............................................. 4

*Timmis v. Bennett*, 352 Mich. 355, 89 N.W.2d 748 (1958) ..................................... 5

*Petipren v Jaskowski*, 494 Mich 190; 833 N.W.2d 247 (2013) …………….….... 6

**<u>Statutes</u>**

MCL 691.1407(5) ............................................................................................................6

**<u>Rules</u>**

Fed. R. Civ. P. 10(c) .......................................................................................................1

Fed. R. Civ. P. 12(f) ........................................................................................................6

Rule 12(b)(6) ................................................................................................................1, 6

## LAW AND ARGUMENT

### A. Plaintiff's Exhibits Must be Excluded from Consideration

In her response, Plaintiff inappropriately relies upon multiple depositions and a self-serving declaration. Generally, the Court may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989). However, the Court may rely on written instruments attached to the complaint (see Fed. R. Civ. P. 10(c)), documents a defendant attaches to a motion to dismiss if referred to in plaintiff's complaint and central to the claim, public records, matters the Court may take judicial notice of, and letter decisions of government agencies. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). Clearly, the depositions, declaration by Plaintiff, and affidavit attached to the declaration would not fall within these exceptions. Therefore, the Court should disregard them.

### B. Judicial Immunity Applies to Plaintiff's Claims

Plaintiff relies on *Brookings v. Clunk*, 389 F.3d 614, 616 (6th Cir. 2004) in her response, a case in which the Sixth Circuit reversed the district court ruling and found that the judge was entitled to judicial immunity. In that

case, a judge had sworn a complaint against the plaintiff for lying on a marriage license application. *Id.* at 616. The Sixth Circuit reinforced that, when analyzing whether an act is judicial, the nature of the act is the determining factor, not the act itself. *Id.* at 621. The Court recognized that even if an act is not a function normally performed by a judge, it still is a judicial act if it relates to general functions performed by a judge. *Id.* Thus, even though swearing the complaint was not adjudicatory in nature or a normal function of a judge, the general function of the conduct was to protect the integrity of the court. *Id.* at 621-622.

The same reasoning as *Brookings* applies to the alleged complaint to SCAO. While Judge Brennan denies making a complaint about Plaintiff to SCAO, if true, she was protecting the integrity of the Court. Defendant's position that her alleged comments from the bench were judicial acts is validated by *Harris v. Harvey*, 605 F.2d 330, 335 (7th Cir. 1979), where the Court affirmed judicial immunity for a judge executing an affidavit in a legal proceeding while making derogatory comments about plaintiff. Here, the alleged interaction at the judge's meeting involved handling a disqualification in Defendant's court. The nature of these acts is not administrative merely because Defendant was dealing with an

2

administrator. Defendant was not demoting or firing an employee as in *Forrester v. White*, 484 U.S. 219, 220 (1988), she was controlling her docket and how cases are handled in her court, which is "so inherently related to the essential functioning of the courts as to be traditionally regarded as judicial acts." *Sparks v. Character & Fitness Comm. of Kentucky*, 859 F.2d 428, 434 (6th Cir. 1988)

### C. Defendant Was Not Acting Under Color of Law at the Deposition

Plaintiff makes bare conclusions that Defendant acted under the color of law at the deposition of Plaintiff. At no time during the deposition did Defendant claim to act with her official authority as a judge or use the power of her office. *Malina v. Gonzales*, No. CIV. A. 90-4959, 1993 WL 534163, at *2 (E.D. La. Dec. 15, 1993)(citing *Monroe v. Pape,* 365 U.S. 167, 172 (1961); *Brown v. Miller,* 631 F.2d 408, 411 (5th Cir. 1980)). This is inapposite of *Malina,* where the judge continually asserted in various situations that he had authority from the state for his actions.

### D. The Alleged Acts Do Not Constitute Adverse Action

In *Benningfield v. City of Houston*, 157 F.3d 369, 376 (5th Cir. 1998), the Court stated that adverse employment actions for First Amendment retaliation claims "are discharges, demotions, refusals to hire, refusals to

3

promote, and reprimands." Further, some acts may not be actionable, even if they have a chilling effect on free speech. *Id.* (citing *Pierce v. Texas Department of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994)). The Court held that the following were not sufficient to constitute adverse employment actions: being falsely accused of stealing records, investigation instituted (absent reprimand), being prevented from attending conferences (noting that the Court does not have the competency or resources to micromanage administration of thousands of state institutions, citing *Dorsett v. Bd. of Trustees for St. Colleges & Univ.* 940 F.2d 121, 123–24 (5th Cir. 1991)), inhibiting performance of duties by preventing others from speaking with them, transfer that merely changes hours, and verbal criticisms. *Benningfield*, 157 F.3d at 376-377.

In this case, the claimed adverse acts are: calling Plaintiff a liar at a deposition (verbal criticism), allegedly filing a complaint for misuse of work time to SCAO (with no reprimand resulting), criticizing her (of which she pleads no factual basis, just mere conclusions), and refusing to work with her. These acts are akin to those in *Benningfield* that were found not adverse. The standard for evaluating these actions is the objective standard set forth in *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999), and the benefit of

4

an objective standard is that it screens out acts that are so de minimis that they do not rise to a constitutional violation. Even taken in gross, the alleged acts are truly inconsequential; plaintiff has not suffered an injury, and this case is easily distinguished from the adverse acts contained within Plaintiff's cited authority.

### E. Plaintiff's Defamation Claims

Plaintiff's view is far too narrow in evaluating the scope of the judicial proceedings privilege, and erroneously construes *Timmis v. Bennett*, 352 Mich. 355, 365, 89 N.W.2d 748, 753 (1958). In that case, the Court found no privilege because the defendant's only argument was that he was an attorney. *Id.* at 365. The Court recognized that the publication was not a part of any case in a court, or of any other judicial proceeding. *Id.* However, when one is participating in a judicial proceeding, they should be free to express themselves without fear of retaliation, and the judicial proceedings privilege should be broadly construed. *Couch v. Schultz*, 193 Mich. App. 292, 295, 483 N.W.2d 684, 686 (1992). Plaintiff's complaint only alleges that the statement of Judge Brennan was made in her deposition.

Plaintiff also claims in her response that describing the statements in the context of a deposition is sufficient for publication. However, she has

5

failed to address how Defendant has published the statement outside of the privileged deposition setting. Any publishing outside of the deposition setting was done either by Plaintiff or other third parties.

Plaintiff states no authority against Defendant's claim of governmental immunity. She merely cites to MCL 691.1407(5) and the legal conclusion that Defendant was not acting in the scope of her judicial authority. The Court should rely on *Petipren v Jaskowski*, 494 Mich 190; 833 N.W.2d 247 (2013) in finding that Defendant is entitled to governmental immunity because it was within her duty as a judge to protect the integrity of the court and comment as to criticisms of the court.

## **CONCLUSION**

Defendant is entitled to judicial and governmental immunity for Plaintiff's claims, and Plaintiff has failed to state a claim for defamation and First Amendment retaliation. Plaintiff's cause of action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ T. Joseph Seward
By: T. Joseph Seward (P35095)
*Attorneys for Defendant, Brennan*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing and this Certificate of Service with the Clerk of the Court, using the Court's E-filing system that will send notification to all counsel of record, on **May 4, 2018.**

/s/ Mallorie M. Blaylock
**SEWARD HENDERSON PLLC**
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: paralegal@sewardhenderson.com