# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**FRANCINE ZYSK,**

    Plaintiff,

v.

**THERESA M. BRENNAN**, in her individual and official capacities,

    Defendant.

Case No. 18-10639

Hon. Robert H. Cleland

| | |
|---|---|
| **FETT & FIELDS, P.C.** | **SEWARD HENDERSON PLLC** |
| By: James K. Fett (P39461) | By: T. Joseph Seward (P35095) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 805 East Main | 210 East 3rd Street, Suite 212 |
| Pinckney, Michigan 48169 | Royal Oak, Michigan 48067 |
| P: (734) 954-0100 | P: (248) 733-3580 |
| F: (734) 954-0762 | F: (248) 733-3633 |
| E: jim@fettlaw.com | E: jseward@sewardhenderson.com |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY

NOW COMES Defendant, **THERESA M. BRENNAN**, by and through her attorneys, **SEWARD HENDERSON PLLC**, and in response to Plaintiff's Motion for Discovery states as follows:

1. Admitted that this Court's practice guidelines correctly state that Fed. R. Civ. P. 26(d) does not authorize court sanctioned discovery prior to the initial attorney conference.

2. Admitted that the parties have not conferred under Fed. R. Civ. P. 26(f) because there is a pending motion to dismiss, further stating that this precludes Plaintiff from seeking "discovery from any source." Fed. R. Civ. P. 26(d)(1).

3. Admitted that Plaintiff erroneously served subpoenas on third parties, in violation of Fed. R. Civ. P. 26(d)(1), and that Defendant brought this violation of the rules of civil procedure to Plaintiff's attention. [Exhibit 1 – August 13, 2018 E-mail to Plaintiff's Counsel]

4. Admitted that Plaintiff withdrew the subpoenas after Defendant specifically pointed out the language of Fed. R. Civ. P. 26(d)(1) stating discovery may not be sought from any source prior to a Rule 26(f) conference and Defendant did not concur on a motion for discovery.

5. Admitted that Plaintiff is bringing this motion pursuant to the Court's practice guidelines, further stating that Plaintiff cites no legal basis for her request and the language of the practice guidelines correctly state that the Court is not authorized to sanction discovery prior to the initial attorney's conference, which has not taken place in this matter.

6. Admitted that Plaintiff is requesting that this Court order discovery without oral argument, further stating that this Court should enter an order denying Plaintiff's motion.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ T. Joseph Seward (P35095)
*Attorneys for Defendant*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com

DATED: September 24, 2018

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**FRANCINE ZYSK**,

  Plaintiff,

v.

**THERESA M. BRENNAN**, in her individual and official capacities,

  Defendant.

Case No. 18-10639

Hon. Robert H. Cleland

| | |
|---|---|
| **FETT & FIELDS, P.C.**<br>By: James K. Fett (P39461)<br>*Attorneys for Plaintiff*<br>805 East Main<br>Pinckney, Michigan 48169<br>P: (734) 954-0100<br>F: (734) 954-0762<br>E: jim@fettlaw.com | **SEWARD HENDERSON PLLC**<br>By: T. Joseph Seward (P35095)<br>*Attorneys for Defendant*<br>210 East 3rd Street, Suite 212<br>Royal Oak, Michigan 48067<br>P: (248) 733-3580<br>F: (248) 733-3633<br>E: jseward@sewardhenderson.com |

## BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY

# TABLE OF CONTENTS

Index of Authorities ................................................................................................ ii

Most Controlling Authorities ............................................................................... iii

Issues Presented ..................................................................................................... iv

Introduction .............................................................................................................. 1

Statement of Facts ................................................................................................... 1

Law and Argument ................................................................................................. 3

    I.   Immunity Issues Should Be Resolved Before Discovery ......................... 3

    II.  Plaintiff Has Not Established Good Cause to Begin Discovery ............. 4

Conclusion ................................................................................................................ 8

# TABLE OF CONTENTS

Index of Authorities ................................................................................................ ii

Most Controlling Authorities ............................................................................... iii

Issues Presented ..................................................................................................... iv

Introduction .............................................................................................................. 1

Statement of Facts ................................................................................................... 1

Law and Argument ................................................................................................. 3

    I.   Immunity Issues Should Be Resolved Before Discovery ......................... 3

    II.  Plaintiff Has Not Established Good Cause to Begin Discovery ............. 4

Conclusion ................................................................................................................ 8

# INDEX OF AUTHORITIES

## Cases

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) ...................................................................................3

*In re Paradise Valley Holdings, Inc.*,
   No. 03-34704, 2005 WL 3841866 (Bankr. E.D. Tenn. Dec. 29, 2005).........5, 6

*Lashuay v. Delilne*,
   No. 17-CV-13581, 2018 WL 317856 (E.D. Mich. Jan. 8, 2018)........................5

*Meritain Health Inc. v. Express Scripts, Inc.*,
   No. 4:12-CV-266 CEJ, 2012 WL 1320147 (E.D. Mo. Apr. 17, 2012)............6, 7

*Siegert v. Gilley*,
   500 U.S. 226 (1991). ...................................................................................3

*Skousen v. Brighton High Sch.*,
   305 F.3d 520 (6th Cir. 2002).....................................................................3, 4

*Vaughn v. U.S. Small Bus. Admin.*,
   65 F.3d 1322 (6th Cir. 1995).........................................................................3

*Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*,
   202 F.R.D. 612 (D. Ariz. 2001) ....................................................................6

## Rules

Fed. R. Civ. P. 26..............................................................................................4

## M<small>OST</small> C<small>ONTROLLING</small> A<small>UTHORITIES</small>

- *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)

- *Lashuay v. Delilne*, No. 17-CV-13581, 2018 WL 317856 (E.D. Mich. Jan. 8, 2018)

## ISSUES PRESENTED

I. Whether Plaintiff's motion for discovery should be denied because this Court has not yet ruled on the immunity issues raised in Defendant's motion to dismiss?

    Defendants state                "Yes"

    Plaintiff presumably states    "No"

II. Whether Plaintiff has established good cause to begin discovery before the Rule 26(f) conference has been held in this matter?

    Defendants state                "No"

    Plaintiff presumably states    "Yes"

## INTRODUCTION

Plaintiff attempted to begin discovery by serving subpoenas on non-parties in this matter before a Rule 26(f) conference occurred. After withdrawing the subpoenas when Defendant pointed out the violation of the federal rules of civil procedure regarding early discovery, Plaintiff filed the instant motion. Plaintiff does not rely on any legal basis for her motion, merely citing an expectation contained within this Court's practice guidelines. This Court should deny the motion.

## STATEMENT OF FACTS

Plaintiff commenced this action on February 23, 2018. [Dk. 1]. On March 29, 2018, Defendant filed a Motion to Strike portions of Plaintiff's complaint, and subsequently filed a Motion to Dismiss on March 30, 2018. [Dk. 7, Dk. 8]. A hearing on both motions was set for May 16, 2018. [Dk. 9]. Subsequently, the Court cancelled the hearing date, stating that the motions would be decided on the briefs. [ECF Dated May 10, 2018].

Out of the blue, Plaintiff issued subpoenas to the Livingston County Circuit Court Clerk and Livingston County Clerk on August 8, 2018, requesting various records. [Exhibit 2 – Subpoenas]. After receiving copies

1

of the subpoenas, Defendant e-mailed Plaintiff's counsel to indicate that issuing the subpoenas was a violation of Fed. Civ. P. 26(d)(1), that the subpoenas had not been served on Defendant before serving the non-parties, and if the subpoenas were not withdrawn a motion to quash and request for sanctions would result. [Exhibit 1 – August 13, 2018 E-mail to Plaintiff's Counsel]. Plaintiff's counsel agreed to withdraw the subpoenas and asked if Defendant would be willing to concur on a motion to begin early discovery, which Defendant rightfully declined to do.

On August 13, 2018, Plaintiff's counsel also filed a Certificate of Service pertaining to Subpoenas to Produce Documents. [Exhibit 3 – Notice of Filing]. That same day, the Court struck the document because it was "prohibited discovery, disclosure or a certificate thereof." [ECF Dated August 13, 2018]. Subsequently, Plaintiff filed the instant motion, without a brief, asking that discovery begin "since the Court's practice guideline indicates that the Court expects the parties to conduct early discovery." [Dk. 17].

**LAW AND ARGUMENT**

**I.     Immunity Issues Should Be Resolved Before Discovery**

"One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). This includes preventing the cost of "broad-ranging discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). In order "to avoid imposing needless discovery costs" the issue of immunity must be addressed early on in litigation. *Vaughn v. U.S. Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995) (citations omitted).

In *Skousen v. Brighton High Sch.*, 305 F.3d 520, 527 (6th Cir. 2002), the district court dismissed a motion for summary judgment based on qualified immunity because discovery was not complete. The Sixth Circuit held that the district court was required to rule on the motion before permitting further discovery. *Id.* In reaching that conclusion, the Court recognized that the "philosophy" behind the doctrine of qualified immunity was the "desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Id.* at 526 (quoting *Vaughan*, 65 F.3d at 1326). Additionally, the Court noted that immunity must be determined

3

early in litigation to prevent "imposing needless discovery costs." *Id.* As such, before permitting any further discovery, the Court had to first make a determination regarding the immunity issue. *Id.* at 527.

In this case, Defendant has asserted that she is entitled to judicial immunity, that no constitutional violation occurred, and that she is entitled to governmental immunity regarding Plaintiff's defamation claim. In fact, the motion to dismiss filed by Defendant addresses each of these issues, and it is still pending before the Court. The purpose of such immunities is to prevent those entitled to it from having to unnecessarily devote resources toward litigation. Allowing discovery to begin at this juncture of the litigation, without the Court having ruled on the immunity issues, would only serve to undermine this purpose. Therefore, Plaintiff's motion should be dismissed.

## II. Plaintiff Has Not Established Good Cause to Begin Discovery

Pursuant to Fed. R. Civ. P. 26(d)(1), parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." For requests pertaining to early discovery, a "good cause" standard

4

is employed by the Court. *Lashuay v. Delilne*, No. 17-CV-13581, 2018 WL 317856, at *3 (E.D. Mich. Jan. 8, 2018) (citing 8A Charles Alan Wright and Arthur R. Miller, 1993 *Discovery Moratorium Pending Discovery Plan*, Fed. Prac. & Proc. Juris. § 2046.1 (4d ed.)) [Attached as Exhibit 4].

In *Lashuay*, Plaintiff asked the Court for discovery to begin before the parties conferred under Fed. R. Civ. P. 26(f) by allowing Plaintiff to take a deposition and issue subpoenas in order to identify parties. *Id.* at 4. Plaintiff contended that this information was necessary because he believed there may be some urgency regarding the statute of limitations for his claims. *Id.* The Court denied the motion, finding that Plaintiff had not met the good cause standard for early discovery. *Id.*

The Court recognized that good cause may exist when "a plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant." *Id.* at *3 (quoting a *In re Paradise Valley Holdings, Inc.*, No. 03-34704, 2005 WL 3841866, at *2 (Bankr. E.D. Tenn. Dec. 29, 2005) [Attached as Exhibit 5]). Moreover, good cause is usually only found when a case involves "requests for injunctive relief, challenges to personal jurisdiction, class actions, and claims of infringement and unfair competition." *Id.* The

5

Court also looked to various factors that may be utilized to determine if good cause exists, including:

(1) irreparable injury;

(2) probability of success on the merits;

(3) connection between the discovery sought and avoidance of the irreparable injury;

(4) evidence of injury without the discovery being greater than the injury suffered by defendant if the relief is granted;

(5) whether there is a pending preliminary injunction;

(6) how broad the discovery request is;

(7) the purpose for requesting the discovery;

(8) the burden on defendants to comply;

(9) how far in advance the request is being made from the normal discovery process;

*Id.* at \*3-\*4 (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001); *Meritain Health Inc. v. Express Scripts, Inc.*, No. 4:12-CV-266 CEJ, 2012 WL 1320147, at \*2 (E.D. Mo. Apr. 17, 2012) [Attached as Exhibit 6]).

In applying these factors, the Court found there was "no motion for a preliminary injunction pending, no challenge to personal jurisdiction, no class action claims, and no allegations of infringement or unfair competition." *Id.* at *4. In fact, the only "irreparable injury" that Plaintiff could identify was his statute of limitations concern, and the Court found no indication that the deadline was imminent. *Id.* As such, Plaintiff failed to set forth good cause. *Id.*

In this case, Plaintiff has set forth no reason to establish any cause, let alone good cause, for discovery to begin before the Rule 26(f) conference. Plaintiff cannot identify any type of "irreparable injury" that will result from having discovery begin according to its usual timeline. In fact, Plaintiff merely relies on the Court's "expectation" that discovery will begin before the Rule 26(f) conference in support of her motion. There are also no motions for preliminary injunctions pending, no challenges to personal jurisdiction, no class action claims, nor any allegations of infringement or unfair competition in this matter.

The prejudice and burden placed on Defendant would be great if discovery was allowed to begin at this point. Defendant has a Motion to Strike and Motion to Dismiss pending with the Court. If discovery were to

7

start, Defendant would be exposed to spending a significant amount of time and resources in responding to Plaintiff's discovery requests, all of which may become moot depending on the Court's decision on the motions. Therefore, this Court should deny Plaintiff's Motion for Discovery.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion for Discovery.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ T. Joseph Seward (P35095)
*Attorneys for Defendant*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com

DATED: September 24, 2018

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing and this Certificate of Service with the Clerk of the Court, using the Court's E-filing system that will send notification to all counsel of record, on **September 25, 2018**.

      /s/ Mallorie M. Blaylock
      **SEWARD HENDERSON PLLC**
      210 East 3rd Street, Suite 212
      Royal Oak, Michigan 48067
      P: (248) 733-3580
      F: (248) 733-3633
      E: paralegal@sewardhenderson.com