**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRANCINE ZYSK,

    Plaintiff,

v.                                                 Case No. 18-10639

THERESA M. BRENNAN, in her
individual and official capacities,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO STRIKE**

    This is a First Amendment retaliation and defamation case. (Dkt. #1.) Before the court is Defendant Brennan's Motion to Strike superfluous and scandalous allegations in the complaint. (Dkt. #7.) Specifically, Defendant urges the court to strike all or part of more than half of the paragraphs in the complaint, as well as the three supporting documents attached as Exhibit A. (*Id.*) Plaintiff filed a response, countering that the allegations are accurate, directly related to the case, and not significantly prejudicial to Defendant. (Dkt. #11, PageID 144.) Defendant filed a reply (Dkt. #13.) The court has reviewed the briefing and determines that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant in part and deny in part this motion.

    Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Statements are "impertinent" and "immaterial" when they are "not relevant to the issues involved in

the action" and "scandalous" when they "unnecessarily reflect[] on the moral character of an individual or state[] anything in repulsive language that 'detracts from the dignity of the court.'" *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 107 F. Supp. 3d 772, 801 (E.D. Mich. 2015) (internal citation omitted). "Although it is within the court's discretion to strike material pursuant to Rule 12(f), '[m]otions to strike are viewed with disfavor and not frequently granted.'" *Neal v. City of Detroit*, 2018 WL 1399252, at *1 (E.D. Mich. March 19, 2018) (quoting *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)).

Having examined each paragraph of the complaint, the court finds the following portions should be stricken:

- Paragraph 15 after the word "célèbre," including subsections (a)-(d);
- The phrases "is a bully of epic proportions" and "terrorizes, actually" in Paragraph 18;
- The deposition transcript in Paragraph 35, which begins after the semicolon; and
- The phrase "of epic proportions" in Paragraph 42.

The remainder of the language in the complaint does not merit the "drastic remedy," *State Farm*, 107 F. Supp. 3d at 801, of being stricken. Accordingly,

IT IS ORDERED that Defendant's Motion to Strike (Dkt. #7) is GRANTED IN PART and DENIED IN PART. It is GRANTED with respect to striking the portions itemized above. It is DENIED as to striking other portions of the complaint.

IT IS FURTHER ORDERED that Plaintiff is DIRECTED to file a new version of the complaint omitting the language ordered stricken as soon as practicable.

s/Robert H. Cleland                /<br>ROBERT H. CLELAND<br>UNITED STATES DISTRICT JUDGE

Dated:  January 11, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 11, 2019, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                              /</u>
Case Manager and Deputy Clerk
(810) 929-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-10639.ZYSK.GrantInPartMotionToStrike.docx

3