# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FRANCINE ZYSK,

    Plaintiff,

v.                                                    Case No. 18-10639

THERESA M. BRENNAN, in her
individual and official capacities,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's Motion to Dismiss the complaint for failure to state a claim. (ECF No. 8.) Plaintiff filed a response (ECF No. 12), and Defendant filed a reply (ECF No. 14). The court has reviewed the briefing and determines that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant this motion.

## I. BACKGROUND

Plaintiff Francine Zysk filed a complaint alleging First Amendment retaliation under 42 U.S.C. § 1983 and defamation against Defendant Theresa M. Brennan. (ECF No. 1.) She also claimed First Amendment retaliation against Miriam Cavanaugh, who was later dismissed from this case. (ECF No. 15.) Zysk is the Court Administrator of Michigan's 53rd District Court in Livingston County, where Brennan and Cavanaugh are district judges. Defendant Brennan filed a motion to strike the complaint (ECF No. 7), which the court granted in part and denied in part (ECF No. 22). Plaintiff was ordered to

file an amended complaint omitting the stricken portions, which she did on January 11, 2019. (ECF No. 24.) The following facts are taken from the amended complaint.

Defendant underwent a divorce, and, in connection with that case, Plaintiff was deposed twice. (*Id.*, PageID.338–42.) Plaintiff testified about Defendant's affair with a police officer and claims that "Brennan continues to retaliate against [her] because she gave truthful subpoenaed deposition testimony in Brennan's divorce case." (*Id.*) The retaliation began at the deposition, where Defendant interrupted Plaintiff's testimony, "blurting out, 'You are lying. You're such a liar.'" (*Id.*, PageID.342.) Plaintiff claims defamation based on this statement. (*Id.*, PageID.349.)

The retaliation continued with Defendant: filing a complaint against Plaintiff with the State Court Administrative Office (SCAO) for "reviewing Brennan's divorce file on County time;" "making defamatory comments about her . . . while on the bench;" refusing to communicate with Plaintiff; and "verbally abusing Plaintiff in the presence of the other judges." (*Id.*, PageID.342–43, 347–48.) Specifically, at a judge's meeting Plaintiff attempted to hand Defendant a disqualification folder and Defendant stated: "I will not take anything from you, I will never take anything from you, if you need something you can give it to Judge Cavanaugh and she can give it to me." (*Id.*, PageID.346.) Later at the same meeting, Defendant said: "I will never open an email from Francine, I will never take anything from Francine, I will never have any interaction from Francine, I have told that to SCAO and Judge Cavanaugh." (*Id.*)

Defendant seeks to dismiss the complaint for failure to state a claim. (ECF No. 8.)

**II. STANDARD**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint "requires more than labels and conclusions," and must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In determining plausibility, "a court must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." *United States v. Brookdale Senior Living Cmtys., Inc.*, 892 F.3d 822 (6th Cir. 2018) (internal citations omitted). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (internal citation omitted). Thus, "the inquiry on a motion to dismiss is not whether Plaintiff will be successful on the merits, but simply whether her pleadings are sufficient to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 726 (6th Cir. 2010).

**III. DISCUSSION**

Defendant's 12(b)(6) motion contains six arguments. (ECF No. 8.) Three pertain to Count I, First Amendment retaliation under 42 U.S.C. § 1983, and three pertain to Count II, defamation. The court will consider each in turn, accepting as true the factual allegations in the complaint and drawing all reasonable inferences in Plaintiff's favor.

*See Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018) (citing *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007)).

## A. Count I – First Amendment Retaliation

To establish First Amendment retaliation under 42 U.S.C. § 1983, "a plaintiff must demonstrate that: '(1) he was engaged in a constitutionally protected activity; (2) he was subjected to adverse action or deprived of some benefit; and (3) the protected speech was a "substantial" or "motivating factor" in the adverse action.'" *Haddad v. Gregg*, 910 F.3d 237, 243 (6th Cir. 2018) (quoting *Farhat v. Jopke*, 370 F.3d 580, 588 (6th Cir. 2004)). Defendant argues that the complaint fails to state a claim for First Amendment retaliation because it does not adequately allege an adverse action, Defendant was not acting under the color of law when she made the statement at Plaintiff's deposition, and Defendant is entitled to judicial immunity. (ECF No. 8, PageID.91.) The court considers first whether the complaint adequately pleads that Plaintiff suffered an adverse action—a necessary showing for a First Amendment retaliation claim.

An action is adverse if it "would deter a person of ordinary firmness from continuing to engage in that conduct." *Fritz*, 592 F.3d at 723 (citations omitted). "Whether an alleged adverse action is sufficient to deter a person of ordinary firmness is generally a question of fact." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583–84 (6th Cir. 2012) (citing *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)). "Nevertheless, when a plaintiff's alleged adverse action is 'inconsequential,' resulting in nothing more than a 'de minimis injury,' the claim is properly dismissed as a matter of law." *Id.*

4

Defendant argues that the actions alleged in the complaint are "de minimis" and "inconsequential" because Plaintiff's employment was not terminated and the chief judge did not act against Plaintiff based on the SCAO complaint. (ECF No. 8, PageID.106–07.) Plaintiff contends that Defendant's actions "threatened [her] economic livelihood, humiliated her in the presence of other judges . . . and defamed her in the presence of third parties." (ECF No. 12, PageID.182.)

"The term 'adverse action' arose in the employment context and has traditionally referred to actions such as 'discharge, demotions, refusal to [hire], nonrenewal of contracts, and failure to promote.'" *Wurzelbacher*, 675 F.3d at 583 (quoting *Fritz*, 592 F.3d at 724). Courts have found that "an employer's commencement of an investigation is not enough," nor are "criticisms, accusations, threats, or 'bad mouthing.'" *Maley v. Wright*, No. 98-012, 2001 WL 36126924, at *7 (W.D. Mich. Mar. 30, 2001) (collecting cases). Here, Plaintiff was accused of being a liar, "bad mouthed," and subject to a SCAO complaint. It may be inferred that her job became more difficult because of Defendant's refusal to communicate with her (and announcement of that attitude in front of others). While unpleasant, these allegations do not support Plaintiff's statement that her economic livelihood was actually threatened and therefore do not amount to an adverse employment action.

As far as the humiliation and defamation Plaintiff alleges, the Sixth Circuit has found such generalized allegations sufficient to state an adverse action only when they rise to an extreme level, e.g., as in "the public disclosure of intimate information regarding a rape." *Id.* at 584 (citing *Bloch v. Ribar*, 156 F.3d 673, 676 (6th Cir. 1998)). Cases involving less severe embarrassment and humiliation, such as disclosure of

"private information regarding a 'traumatic childhood incident,'" have not been sufficient despite allegations of experiencing "ridicule, contempt, shame and disgrace." *Id.* (quoting *Mattox v. City of Forest Park*, 183 F.3d 515, 522–23). The threshold is similarly high when it comes to defamatory statements. For example, "a prosecutor's statements to the press that a defense attorney was ineffective, looking for a show trial and that the client should ask for his money back were not found to amount to an adverse action." *Fritz*, 592 F.3d at 726 (citing *Mezibov v. Allen*, 411 F.3d 712, 722–23 (6th Cir. 2005)). The defamation alleged here—Defendant, a district judge, calling Plaintiff, an adverse witness in her divorce proceedings, "a liar"—is not of the same character as the public revelation of the details of a plaintiff's rape. It is more like the prosecutor's public criticism of the defense attorney described above in that Defendant's comment came after Plaintiff provided testimony against her in a deposition. Drawing all inferences in Plaintiff's favor and even considering the allegations in sum, the conduct here simply does not rise to a level that constitutes an adverse action.

Because the complaint fails to allege facts amounting to more than an "inconsequential" or "de minimis injury," it fails to state a claim for First Amendment retaliation. Consequently, the court will dismiss Count I and need not address Defendant's other arguments for doing so.

### B. Count II – Defamation

There are four elements necessary to establish defamation under Michigan law:

> "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication."

6

*Smith v. Anonymous Joint Enter.*, 793 N.W.2d 533, 540 (Mich. 2010) (citation omitted). Plaintiff's defamation claim is based upon Defendant's statement at her deposition "that Plaintiff is 'such a liar,'" which Plaintiff alleges is false. (ECF No. 24, PageID.349.) Defendant argues that this claim fails because Plaintiff failed to allege to whom the defamatory statements were published, Defendant is entitled to governmental immunity, and the absolute privilege of judicial proceedings applies to her statement at the deposition. (ECF No. 8, PageID.91–92.) The court determines whether the complaint adequately pleads the publication element of defamation before turning to the defenses of privilege and immunity.

Defendant argues that Plaintiff has failed to adequately plead the defamatory statement was communicated to third parties since the complaint lacks "any allegations as to how the Defendant published the alleged statement, and to whom." (ECF No. 8, PageID.109.) Plaintiff responds that the complaint describes that Defendant made the statement at her deposition, which implies the presence of at least the third parties necessary to conduct a deposition such as the attorneys and a court reporter. (ECF No. 12, PageID.185.) The court agrees with Plaintiff that the complaint, while not explicitly stating who the third parties were at the deposition, allows for the simple inference of the presence of attorneys and a court reporter. This is unlike the bare reference to "various persons" in the case Defendant cites, *Ledl v. Quik Pik Food Stores, Inc.*, 349 N.W.2d 529, 589 (Mich. Ct. App. 1984), where the plaintiff admitted he did not know which employees had received the defamatory communication. Here, the complaint indicates the date of the deposition, and the third parties who were present are easily identifiable. Construing the complaint in the light most favorable to Plaintiff, it

7

alleges the publication element of defamation. Therefore, dismissal is not warranted on this ground.

Defendant also argues that the absolute privilege of judicial proceedings bars the defamation claim because the statement at issue was made at a deposition in her divorce case. (ECF No. 8, PageID.108.) "[S]tatements made during the course of judicial proceedings . . . are absolutely privileged." *Couch v. Schultz*, 483 N.W.2d 684, 685 (Mich. Ct. App. 1992) (citations omitted). Whether the judicial proceedings privilege applies is a question of law. *Id.* "Judicial proceedings" includes "every step in the proceeding and covers anything that may be said in relation to the matter at issue, including pleadings and affidavits," *id.*, such as a "defendant's statements in his deposition." *Hamilton v. Rubin*, No. 258917, 2006 WL 1751901, at *2 (Mich. Ct. App. June 27, 2006) (citations omitted); *see also Zmija v. Baron*, 326 N.W.2d 908, 914 (Mich. Ct. App. 1982), *rev'd in part on other grounds*, 368 N.W.2d 244, 245 (Mich. 1985). "The judicial proceedings privilege should be liberally construed so that participants in judicial proceedings are free to express themselves without fear of retaliation." *Couch*, 483 N.W.2d at 686 (citations omitted).

Plaintiff argues that the judicial proceedings privilege is inapplicable here because Defendant "was not acting in the capacity of an attorney, judge or witness when she interrupted the deposition and angrily made the remarks." (ECF No. 12, PageID.184.) The privilege, however, is not limited to attorneys, judges, and witnesses but extends to the parties of a judicial proceeding as well. *See* Restatement (Second) of Torts § 587 (Am. Law Inst. 1975); *Rouch v. Enquirer & News of Battle Creek*, 398 N.W.2d 245, 270 (Mich. 1986) (Boyle, J. concurring) ("This privilege . . . has been

extended to cover, among others . . . parties in private litigation . . . ."). Defendant, as a party to her divorce litigation, is able to invoke this privilege.

Plaintiff further contends that the judicial proceedings privilege ought not apply because Defendant did not make the remark as part of a public or private duty and because no privilege exists to make slanderous expressions. (ECF No. 12, PageID.184.) Plaintiff's latter point is deficient; it begs the question, which is whether otherwise slanderous utterances are protected by privilege. Michigan case law clearly states that they are. See Couch, 483 N.W.2d at 685 (citation omitted) (identifying a "privileged occasion" as one "where the public good requires that a person be freed from liability for the publication of a statement that would otherwise be defamatory").

For her former argument, Plaintiff relies on Timmis v. Bennett, 89 N.W.2d 748 (Mich. 1958), but the language from that case is taken out of context in Plaintiff's brief. In Timmis, the phrase "public or private duty" relates to repeating privileged words outside of a judicial proceeding, id. at 753, which is not the case presented here. Moreover, the court in Timmis explained that "slanderous expressions" are excluded from the privilege only when "the expressions have no relation to or bearing upon the issue or subject matter before the court." Id. It cannot be said that the "liar" expressions had "no . . . bearing upon the issue," id. (emphasis added), since the credibility of a witness and challenges thereto are always relevant to judicial proceedings. Plaintiff's arguments fail.

Construing the privilege liberally, as it must, the court finds that the judicial proceedings privilege applies to Defendant's "liar" exclamation at Plaintiff's deposition. This result is not novel. In Smith v. Mustain, 276 S.W. 154 (Ky. 1925), involving a nearly

9

identical scenario that arose in Kentucky almost a century ago, a party rudely interrupted opposing counsel's closing argument by "blurt[ing] out" that a particular witness had "swore a lie." Challenged as actionably defamatory, the statement was found privileged, the court explaining that while "[i]t is rather unusual for a party, represented by counsel, and when not himself on the stand as a witness, to blurt out something defamatory of a witness or of his opponent or his counsel," "the privilege of counsel to say such things is derived from his agency for his client, and certainly the agent has no greater rights than the principal . . . ." *Id.* at 154. While acknowledging the incident as "a great breach of decorum," the court found that "a party to a suit in a court of justice, althought [sic] not acting as his own counsel or testifying as a witness, is not liable to be sued for slander for any statement he may make pertinent, material or relevant to the issue." *Id.*

Here, too, Defendant's statement is privileged because it was made in a judicial proceeding and pertinent to the case. Therefore, the complaint fails to state a claim for defamation and will be dismissed.

### IV. CONCLUSION

The complaint fails to state a claim for First Amendment retaliation under 42 U.S.C. § 1983 (Count I) because it does not allege facts that rise to the level of constituting an adverse action. The complaint also fails to state a claim for defamation (Count II) because the judicial proceedings privilege applies to Defendant's alleged defamatory statement. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 8) is GRANTED.

                                                          s/Robert H. Cleland                  /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 20, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 20, 2019, by electronic and/or ordinary mail.

                                                          s/Lisa Wagner                  /
Case Manager and Deputy Clerk
(810) 929-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-10639.ZYSK.GrantDismiss3.docx